# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| CHARLES C. HITCHENS, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 05C-04-144 SCD |
| | : | |
| WASHINGTON GROUP INTERNATIONAL, | : | ARBITRATION |
| INC., PLAN ADMINISTRATOR, | : | |
| WASHINGTON GROUP INTERNATIONAL | : | JURY TRIAL DEMANDED |
| SHORT TERM DISABILITY (STD) PLAN, | : | |
| BROADSPIRE NATIONAL SERVICES, INC. | : | |
| F/K/A KEMPER NATIONAL SERVICES, INC., | : | |
| BROADSPIRE SERVICES, INC. F/K/A | : | |
| KEMPER SERVICES, INC., BROADSPIRE, | : | |
| INC. F/K/A KEMPER SERVICES, INC., PLAN | : | |
| ADMINISTRATORS OF THE STD PLAN, | : | |
| | : | |
| Defendants. | : | |

## AMENDED COMPLAINT*[1]

### THE PARTIES

1.    Plaintiff Charles C. Hitchens, Sr., is a resident of Delaware and is a former employee of Washington Group International, Inc. and is intended and former participant in the plan as that status is defined in the Employment Retirement Security Act of 1974 ("ERISA") §(7), 29 U.S.C. §1007(7).

2.    Washington Group International, Inc. ("WGI") is a Delaware Corporation whose agent for service of process is the Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808 and is the plan administrator of a program of WGI related to benefits described in ERISA §3, 29 U.S.C. §1002, and is a plan administrator of STD plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16) and is fiduciary and ERISA §3(21)(A), and §402(a), 29 U.S.C. §1002(21)(A), and §1102(a).  WGI is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and a former employer of the plaintiff with its principal place

---

[1]Amendments to the Complaint are underlined.

of business at 720 Park Boulevard, Boise, ID 83712.

3.     Broadspire National Services, Inc. f/k/a Kemper National Services is a Florida corporation with its principal place of business at 1601 S.W. 80th Terrace, Plantation, FL 33224 whose agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Broadspire National Services, Inc. is a claim administrator and benefits determinator of the STD and as such is a plan administrator within the meaning of ERISA §3(16), 29 U.S.C. §1002(16) and is a fiduciary under ERISA §3(21)(A) and §402(a), 29 U.S.C. §1002(21)(A) and §1102(a).

4.     Broadspire Services, Inc. f/k/a Kemper Services, Inc. is a Delaware corporation with its principal place of business as One Kemper Drive, Long Grove, IL 60049 whose agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Broadspire Services, Inc. is a claim administrator and benefits determinator of the STD and as such is a plan administrator within the meaning of ERISA §3(16).

5.     Broadspire, Inc. f/k/a Kemper Services, Inc. is a Delaware corporation with its principal place of business at One Kemper Drive, Long Grove, IL 60049 whose agent for service is National Registered Agents, Inc., 9 East Lockerman Street, Suite 18, Dover, DE 19901.  Broadspire, Inc. is a claim administrator and benefits determinator of the STD plan and as such, is a plan administrator within the meaning of ERISA §3(16).

## JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e)(1).

7.     A copy of this Complaint has been served up the Secretary of Labor and the Secretary of the Treasury of the United States by Certified Mail.

## COMMON FACTS

8.     The plaintiff incorporates and makes a part hereof the allegations contained in

paragraphs 1 through 7.

9.     Plaintiff is a former employee of WGI and was eligible for the participation in the STD Plan.  Plaintiff was hired by WGI's predecessor in interest in 1991 and continued in WGI's employ until Plaintiff was discharged on August 15, 2003 because "based on the restrictions your doctor provided to us, you are unable to perform the essential functions of your job, with or without an accommodation, and we do not have an open position for which you qualify that is within your restrictions or reasonable accommodation."

10.     As part of his employment, Plaintiff was tested annually for the ability to use a respirator.  On January 28, 2003, Plaintiff was informed that because of the results of the dyspnea and elevated blood pressure he was not qualified for respirator use, however, at Plaintiff's request he was granted a temporary clearance to allow him to continue to work until there was a follow-up examination by a doctor to whom WGI sent Plaintiff.

11.     The examination ordered by WGI occurred March 12, 2003 and that doctor stated that Plaintiff was not qualified medically to wear a respirator at any time and added additional restrictions of no exposure to dusts, fumes, vapors or irritant gases as well as stating "no use of respirators or job requiring it.  No climbing heights or strenuous activity."

12.     On orders of his private pulmonologist, Plaintiff had full pulmonary function testing on March 11, 2003 and Plaintiff had a significant reduction in exercise capacity, small airways disease/mild obstructive airways disease. Further, the doctor concluded Plaintiff should not return to his job with WGI and that Plaintiff should apply for disability.

13.     On or about March 13, 2003 Plaintiff applied for benefits under WGI's Short Term Disability (STD) Plan which was administered by Kemper National Services now defendant Broadspire National Services. By letter dated March 31, 2003, Plaintiff was informed his claim was denied, though records from WGI's physician and Plaintiff's private pulmonologist clearly indicated Plaintiff was unable to carry out his job duties with WGI.  On or about April 4, 2003, Plaintiff appealed the denial.

14.     By letter dated May 14, 2003, Broadspire again denied Plaintiff's claim and on May 21, 2003, Plaintiff appealed the denial.  The appeal was denied on or about July 10, 2003

and was the Final Appeal Denial. Thus, Plaintiff exhausted his administrative remedies.

15.     Pursuant to the WGI STD Plan, the definition of disability is that the employee is (a) unable to perform the material and substantial duties of his own occupation because of a non-occupational illness or injury, (b) is not working any job for wages or profit and (c) is under the regular care of a doctor. Plaintiff met all criteria.

16.     The Plaintiff has been approved by the Social Security Administration of the United States of America for an award of disability benefits.

## COUNT 1
### Disability Plan Benefits Under ERISA

17.     The Plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 16.

18.     Plaintiff's conditions meet the qualifying inability to perform the duties of his regular occupation for the qualifying period of disability under the STD plan.

19.     Plaintiff's conditions meet and continue to meet the qualifying disability of complete disability to perform any occupation for which he was qualified by education, training, or experience, as that status is defined under the terms of the STD Plan.

20.     The plan administrator, or each of them has arbitrarily and capriciously denied the Plaintiff under the STD Plan on the basis that he did not, and does not medically qualify.

21.     Plaintiff is entitled to benefits from the STD Plan and makes a claim for benefits under ERISA §502(a)(1)(B), 20 U.S.C. §1132(a)(1)(B) for benefits under the STD Plan and related status welfare plans, which benefits were arbitrarily and capriciously denied the Plaintiff.

22.     Plaintiff has followed the claim procedures of the STD Plan and otherwise has exhausted his administrative remedies as to his rights of benefits under the STD Plan.

## COUNT II
### Fiduciary Breach of Plan Administrator

23.     The Plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 22.

24.    Plaintiff has made claims for benefits, which claims were summarily denied without adequate factual reason being set forth as to why his claim was denied, and without advising what further information was required to meet the proof of disability requirements under the plans all in violation of ERISA §503, 29 U.S.C. §1133.

25.    Plaintiff appealed the denial of his claim for benefits, which appeal was denied without descriptive reasons, or without advising what further information was required to meet the disability requirements under the plan, all in violation of ERISA §503, 29 U.S.C. §1133.

**WHEREFORE**, the Plaintiff requests that this Court:

1.    Enter a judgement against the Defendants, declaring Plaintiff entitlements to benefits due under te STD Plan, and that the plan administrators be directed  to pay such benefits due, and in addition thereto, all past benefits, together with pre-judgment interest and post judgment interest on said amounts;

2.    Enter a judgment against the Defendants as plan administrators and the plan for reasonable attorney fees, costs, and other expenses by law in prosecuting this action, incurred in this action or due as a result of any collection enforcement of any judgments;

3.    Order judgment against the Defendants for such amounts as may be determined as due for the violation of ERISA §503, and in accordance with his rights under §502(a)(3), 29 U.S.C. §1132(a)(3) along with pre-judgment interest and post-judgment interest, cost and fees including reasonable attorney fees incurred in connection with this action and in connection with any judgment or proceeding to collect any judgment;

4.    Enter judgment against the Defendants declaring Plaintiff's entitlement to benefits as indicated above, and direct insurance plan and administrator to provide said benefits and make available said benefits to the Plaintiff together with pre-judgment interest and post-judgment interest on the value of the benefit amounts not properly provided to the Plaintiff; and

5.    Grant such other and further relief, legal or equitable, as this Court may deem just, necessary or appropriate.

LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation

By: _____
      RICHARD T. WILSON (#2794)
      1300 N. Market Street, Suite 212
      Wilmington, DE 19801
      (302) 658-3301
      Attorney for Plaintiff

Dated: April 29, 2005

6

*Amended*

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CHARLES C. HITCHENS, SR.,                          :

        Plaintiff,                                :

        v.                                        :       C.A. No.: 05C-04-144 SCD

                                         :

WASHINGTON GROUP INTERNATIONAL,                    :       ARBITRATION
INC., PLAN ADMINISTRATOR,
WASHINGTON GROUP INTERNATIONAL                     :       JURY TRIAL DEMANDED
SHORT TERM DISABILITY (STD) PLAN,
BROADSPIRE NATIONAL SERVICES, INC.                 :
F/K/A KEMPER NATIONAL SERVICES, INC.,              :
BROADSPIRE SERVICES, INC. F/K/A                    :
KEMPER SERVICES, INC., BROADSPIRE,                 :
INC. F/K/A KEMPER SERVICES, INC., PLAN            :
ADMINISTRATORS OF THE STD PLAN,                    :

        Defendants.                               :

THE STATE OF DELAWARE,

TO THE SHERIFF OF NEW CASTLE COUNTY:
**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Kathleen D. Hadley, Esquire, plaintiff's attorney, whose address is 1300 Market Street, Wilmington, Delaware 19801, an answer to the amended complaint (and, if an affidavit of demand has been filed, an affidavit of defense).
Dated: 5/10/05

                                         SHARON AGNEW
                                       Prothonotary

                                       Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the amended complaint (or in the affidavit of demand, if any).

Dated:

                                        **SHARON AGNEW**
                                       Prothonotary

                                       Per Deputy