IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Charles C. Hitchens, Sr.,<br>        Plaintiff,<br><br>    v.<br><br>Washington Group International, Inc., Plan Administrator, Washington Group International Short Term Disability (STD) Plan, Broadspire National Services, Inc. f/k/a Kemper National Services, Inc., Broadspire Services, Inc. f/k/a Kemper Services, Inc., Broadspire Inc., f/k/a Kemper Services, Inc., Plan Administrators of the STD Plan,<br>        Defendants. | :<br>:<br>:  Civil Action No. 1:05-cv-379 (SLR)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff has brought a two count complaint concerning the denial of short term disability benefits. In Count I of Plaintiff's Amended Complaint, Plaintiff asserts a claim under 29 U.S.C. § 1132(a)(1)(B) for benefits under a short term disability plan. In Count II of Plaintiff's Amended Complaint, he asserts a claim against the Plan Administrator under Section 503 of the Employee Retirement Income Security Act, 29 U.S.C. § 1133 and seeks relief under 29 U.S.C. § 1132(a)(3). Because Plaintiff has failed to set a cause action upon which relief can be granted in Count II, Defendants request that this count be dismissed.

Section 1133 mandates certain claims procedures for beneficiaries under ERISA but it does not create a private right of action. *See Ashenbaugh v. Crucible, Inc.*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting the "general principle" that on "employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy."). *See also, Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 315 (10th Cir. 1991). This is consistent with the Supreme Court's decision that extra-contractual damages are

generally not available under ERISA. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorized other remedies that it simply forgot to incorporate expressly.").

Section 1132(a)(3) similarly does not provide a remedy as it is only available where no other remedy exists at law. *Varity Corp. v. Howe*, 516 U.S. 489 (1996). In particular, where the crux of the action is a challenge to a denial of benefits, an action predicated upon Section 1132(a)(3) can not lie. *See Smith v. Contini*, 205 F.3d 597, 606 (3d Cir. 2000). Here, plaintiff challenges the administrator's denial of benefits; therefore, no claim for breach of fiduciary exists under Section 1132(a)(3).

Because Plaintiff has failed to set forth a cause of action upon which relief can be granted under Count II, Defendants request that this count be dismissed.

Respectfully submitted,

_____
Neal J. Levitsky, Esquire
Delaware Bar No. 2092
Fox Rothschild LLP
919 N. Market Street, Suite 1400
Wilmington, DE 19801-3046
302/655-7460; 302/655-7004 (fax)
Attorney for Defendants

Dated: July 18, 2005