## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles C. Hitchens, Sr., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:05-cv-379 (SLR) |
| | : | |
| v. | : | Electronically filed |
| | : | |
| Washington Group International, Inc., Plan | : | |
| Administrator, Washington Group | : | |
| International Short Term Disability (STD) | : | |
| Plan, Broadspire National Services, Inc. f/k/a | : | |
| Kemper National Services, Inc., Broadspire | : | |
| Services, Inc. f/k/a Kemper Services, Inc., | : | |
| Broadspire Inc., f/k/a Kemper Services, Inc., | : | |
| Plan Administrators of the STD Plan, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

### I.    PROCEDURAL HISTORY

On June 10, 2005, Defendants filed a timely notice of removal to this Court (D.I. 1).  On

July 20, 2005 – forty days later – Plaintiff filed a motion for remand (D.I. 6).

### II.    ARGUMENT

Because this federal court has jurisdiction over Plaintiff's federal claims brought pursuant

to the Employee Retirement Income Security Act of 1974 and because Plaintiff's motion for

remand is untimely, the Court should deny Plaintiff's motion for remand.

A    Plaintiff's Motion For Remand Is Untimely

A plaintiff is required to file a motion for remand within thirty (30) days after the filing

of the Notice of Removal.  28 U.S.C. § 1447(c) provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than
> lack of subject matter jurisdiction must be made within 30 days
> after the filing of the notice of removal under section 1446(a). …."

29 U.S.C. § 1447(c). Because Plaintiff does not challenge the subject matter jurisdiction of this Court and because the motion for remand was filed more than thirty days after the filing of the notice of removal, the motion is untimely and should be denied.

B    This Court Must Exercise Jurisdiction Over Plaintiff's Claims

Plaintiff's Complaint, originally filed in state court, averred that the state court had subject matter jurisdiction under 29 U.S.C. § 1132(e)(1). In Count I of Plaintiff's Complaint, plaintiff seeks benefits under the Employee Retirement Income Security Act, 20 U.S.C. § 1132(a)(1)(B). In Count II of Plaintiff's Complaint, he alleges that § 503 of ERISA was violated.[1] Plaintiff's Complaint does not assert any claims under state law.

Generally, a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(b), in pertinent part, provides:

> [a] civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(b) does not prohibit removal if the state and federal courts share jurisdiction.

The plaintiff argues that section 502(e)(1) of ERISA grants concurrent jurisdiction between federal and state courts to hear claims brought under section 502(a)(1)(b) and, thus, that removal was improper. Section 502(e)(1) provides, *inter alia*, that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) ... of subsection (a) of this section." The ERISA provisions that plaintiffs rely on do not *expressly* limit or restrict a defendant's right to remove an action. It is

---

[1] Defendants' Motion to Dismiss Count II of Plaintiff's Complaint currently is pending before the Court.

well established that concurrent jurisdiction is not a basis for remand after a proper removal to federal court. *See* Chilton v. Savannah Food & Industries, Inc., 814 F.2d 620, 623 (11th Cir. 1987) (concurrent jurisdiction does not foreclose removal of ERISA actions, explaining that to do so would require equating "original" jurisdiction with "exclusive" jurisdiction and would prevent removal in any situation, making section 1441(a) meaningless); *See also* Wurtenberger v. Liberty Life Assurance Co. of Boston, Civ A. No. 91 – 3220, 1991 WL 243784, *2 (E.D.Pa. Nov. 13, 1991) (denying plaintiff's motion for remand because defendant's removal was proper and the existence of concurrent jurisdiction does not compel remand).

Accordingly, if a federal statute does not prohibit removal, concurrent jurisdiction is not a bar to removal and is not grounds for remand to state court. McArthur v. Carmichael, 1998 WL 146233, *2, No. 97-8102, 1998 U.S. Dist. LEXIS 3704, at *6 (S.D.N.Y. March 25, 1998). Because section 502(e) of ERISA grants concurrent jurisdiction without prohibiting removal, removal was proper; *see* Casey v. Goodness, 9 F.3d 1550, CIV.A. No. 92-16807, 1993 WL 461252, **1 (9th Cir. Nov. 4, 1993) (holding that in determining whether removal is proper, "[i]t does not matter that the state court could adjudicate the federal claims in the absence of removal."); Dorsey v. City of Detroit, 858 F.2d 338, 341 (6th Cir. 1988) (The weight of judicial authority supports the conclusion that "a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited."); Mahmoud v. Mahmoud, CIV.A. No. 96-4165, 1997 WL 43524, *1 (E.D.N.Y. Jan. 24, 1997) ("The general rule is that 'absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction.'" (citing Johnson v. First Unum Life Ins. Co., 914 F.Supp. 51, 52 (S.D.N.Y. 1996))); Nguyen v. U.S. Dept. of Agriculture, CIV.A. No. 96-2574, 1996 WL 492310, *1 (E.D. La. Aug. 12, 1996) ("The law is clear that a grant of concurrent jurisdiction between federal and

state courts does not render an action filed in state court nonremovable); <u>Stevo v. CSX Transp.,</u> <u>Inc.</u>, 940 F. Supp. 1222, 1224 (N.D. Ill. 1996) ("Clearly, in a majority of jurisdictions, absent a specific statutory language to the contrary, concurrent jurisdiction does not bar removal."); <u>State</u> <u>v. 777 N. White Station Road, Memphis, Tenn.</u>, 937 F. Supp. 1296, 1301-02 (W.D. Tenn 1996) ("'The mere fact that concurrent jurisdiction exists under the statute does not prohibit a defendant from properly removing a case to federal court so long as the main requirement under the federal removal statute, 28 U.S.C. § 1441(a) is met; namely, that the district court has original jurisdiction over the matter, regardless of which court the complainant initiated the action first.'" (*citing* <u>Spencer v. South Florida Water Management</u>, 657 F. Supp. 66, 67 (S.D. Fla. 1986)).

In <u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U,S, 58 (1987, the plaintiff had sued in state court for compensation allegedly due under an employee benefits plan.  Although plaintiff pled only common law causes of action, the defendants removed the case to federal court.  The Court stated:

> Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court ... Accordingly, this suit, although it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. If therefore 'arises under the ... laws ... of the United States' and is removable to federal court by the defendants.

<u>Taylor</u>, 481 U.S. at 66.

In pertinent part, § 502(a) permits a civil action:

> (1) by a participant or beneficiary –

> (B) to recover benefits due to him under the terms of his plan or to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan.

-4-

29 U.S.C. § 1132(a)(1)(B).

An instructive discussion of § 502(a) can be found in Pilot Life Ins., Co. v. Dedeaux, 481 U.S. 41, 44-45 (1987). In that case, an employer had purchased a group insurance policy which provided long term disability coverage to its employees. Plaintiff, a disabled employee, sued the insurance carrier alleging, *inter alia*, a failure to provide benefits under the policy, although he did not pursue any of his claim under ERISA.

The district court entered summary judgment for Pilot Life on the ground that ERISA preempted any common law cause of action. The Supreme Court agreed and found that § 502(a) provides the exclusive means to assert a claim for the improper processing of a claim for benefits. *Id.* at 52 – 57.

The Court noted that the provisions of § 502(a) constituted a comprehensive civil enforcement scheme in which Congress deliberately chose certain remedies which were intended to be exclusive. Consequently, the resolution of a claim by a beneficiary or a participant that benefits were improperly denied should be treated as a federal question governed by § 502(a). *See id.* at 56; Taylor, 481 U.S. at 62 – 63 (suit by beneficiary to recover benefits from covered plan falls directly under § 502(a)(1)(B)); Davis v. John Alden Life Ins., Co. 746 F. Supp. 44 (D.Kan. 1990) (removal of state court claim for payment of benefits under a group insurance policy proper).

It is true, as plaintiff asserts, that ERISA provides concurrent jurisdiction for causes of action under § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(e). The existence of concurrent jurisdiction, however, does not compel remand. *See, e.g.* Davis, 746 F. Supp. at 49 and n. 3 (D.Kan.1990); White v. Enron Corp. Merger Severance Plan, 686 F. Supp. 582, 583 (S.D.Tex. 1987) (concurrent jurisdiction under ERISA does not defeat defendant's right of removal).

Removal of a case which could have been initiated in federal court is authorized "[e]xcept as otherwise provided by Act of Congress." *See* U.S.C. § 1441. As the Supreme Court made explicitly clear in <u>Taylor</u>, a claim within the ambit of § 502(a) raises a federal question, and not only is there no statute to preclude removal but ERISA is preemptive. Defendants' removal was proper in this case and plaintiff's motion for remand should be denied.

## III.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion for remand.

Respectfully submitted,

FOX ROTHSCHILD LLP


By: _____
Neal J. Levitsky, Esquire
Delaware Bar No. 2092
919 N. Market Street, Suite 1400
Wilmington, DE 19801-3046
302/655-7460; 302/655-7004 (fax)
Attorney for Defendants

Dated:  August 4, 2005