IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles C. Hitchens, Sr., | : | |
| Plaintiff, | : | Civil Action No. 1:05-cv-379 (SLR) |
| v. | : | |
| Washington Group International, Inc., Plan Administrator, Washington Group International Short Term Disability (STD) Plan, Broadspire National Services, Inc. f/k/a Kemper National Services, Inc., Broadspire Services, Inc. f/k/a Kemper Services, Inc., Broadspire Inc., f/k/a Kemper Services, Inc., Plan Administrators of the STD Plan, | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, by their undersigned counsel, answer Plaintiff's amended complaint, as follows:

1. Admitted in part; denied in part. It is admitted that Plaintiff Charles C. Hitchens, Sr. is a resident of Delaware and is a former employee of Washington Group International, Inc. The remaining averments are denied as conclusions of law.

2. Admitted in part; denied in part. It is admitted that Washington Group International, Inc. is a Delaware Corporation which was served with the amended complaint in

May, 2005. It also is admitted that corporate headquarter is located at 720 Park Boulevard in Boise, Idaho. The remaining averments are denied as conclusions of law.

3. Admitted in part; denied in part. It is admitted that Broadspire National Services, Inc. f/k/a Kemper Services, Inc. is a Delaware Corporation with a place of business located at 1601 S.W. 80th Terrace in Plantation, Florida and that it was served with the Complaint. It is admitted that Broadspire National Services, Inc. is a claims administrator and "benefits determinator" of the STD. The remaining averments are denied as conclusions of law to which to no response is required.

4. Denied.

5. Denied.

6. Denied as a conclusion of law to which no response is required.

7. After reasonable investigation, Defendants are without sufficient information to respond to the averments of paragraph 7 and they are denied.

8. Defendant incorporates by reference its responses to paragraphs 1 through 7 of Plaintiff's amended complaint as though fully set forth herein

9. Admitted.

10. Admitted in part; denied in part. It is admitted that plaintiff and similarly situated employees were tested annually for the ability to use a respirator. By way of further answer, Plaintiff was deemed to be eligible to wear a respirator based upon an examination conducted on January 28, 2003 and was temporarily cleared pending further testing. The remaining averments are denied.

11. Denied.

12. Denied.

13. Admitted in part; denied in part. It is admitted that on or about March 13, 2003, Plaintiff applied for benefits under the STD Plan and that by letter dated March 31, 2003 Plaintiff was advised that the claim was denied. It also is admitted that Plaintiff, through his counsel, appealed the denial on or about April 4, 2003 but submitted no additional information to support the claim of disability. The remaining averments are denied.

14. Admitted.

15. Denied. The terms of the STD plan are set forth in a written document(s) and any characterization thereof is denied. The remaining averments are denied.

16. After reasonable investigation, Defendants are without sufficient information to respond to the averments of paragraph 16 and they are denied.

## COUNT I

17. Defendant incorporates by reference its responses to paragraphs 1 through 16 of Plaintiff's amended complaint as though fully set forth herein

18. Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

19. Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

20. Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

21. Denied as a conclusion of law to which no response is required. To the extent these averments are deemed to be factual, they are denied.

22. Admitted in part; denied in part. It is admitted that Plaintiff has followed the claim procedures of the STD Plan. The remaining averments are denied as conclusions of law.

PH1 749181v1 08/12/05

23.-25. This count his been dismissed by order of the Court entered on August 9, 2005 so no response is required.

WHEREFORE, Defendants request that judgment be entered in their favor and that they be awarded costs and attorneys' fees and such other relief as the court deems necessary or appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants assert all defenses available under ERISA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to benefits under the STD plan.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

The denial of Plaintiff's claim was fair, reasonable, based upon substantial evidence and within Defendants' authority under the terms of the ERISA plan.

## SIXTH AFFIRMATIVE DEFENSE

All of the factual determinations and interpretations applied to Plaintiff's claim were the correct determinations and interpretations of the relevant plan terms and available evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the terms, exclusions, conditions, definitions, declarations and/or limitations in the STD plan and by Plaintiff's failure to meet the eligibility requirements for benefits..

## EIGHTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiff is found to be entitled in this action to any benefits, the proper remedy would be a declaratory judgment or order to pay benefits pursuant to the terms of the plan, rather than an award of damages or other direct monetary relief.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to any benefits, Defendants are entitled to an offset for any additional other income and/or benefits that should be taken into account in calculating benefits, including but not limited to leave pay and wages.

WHEREFORE, Defendants request that judgment be entered in their favor and that they be awarded costs and attorneys' fees and such other relief as the court deems necessary or appropriate.

Respectfully submitted,

FOX ROTHSCHILD LLP


By:___/s/Neal J. Levitsky_____
    Neal J. Levitsky, Esquire
    Delaware Bar No. 2092
    919 N. Market Street, Suite 1400
    Wilmington, DE 19801-3046
    302/655-7460; 302/655-7004 (fax)
    Attorney for Defendants

Dated: August 22, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles C. Hitchens, Sr., | : | |
| Plaintiff, | : | Civil Action No. 1:05-cv-379 (SLR) |
| v. | : | |
| Washington Group International, Inc., Plan Administrator, Washington Group International Short Term Disability (STD) Plan, Broadspire National Services, Inc. f/k/a Kemper National Services, Inc., Broadspire Services, Inc. f/k/a Kemper Services, Inc., Broadspire Inc., f/k/a Kemper Services, Inc., Plan Administrators of the STD Plan, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Neal J. Levitsky, hereby certifies that a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served upon Plaintiff's counsel, via first class mail, postage prepaid, on the 22nd day of August, 2005, addressed as follows:

> Richard T. Wilson, Esquire
> Law Offices of Peter G. Angelos
> 1300 N. Market Street, Suite 212
> Wilmington, DE 19801

Dated: August 22, 2005

_____
Neal J. Levitsky, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Charles C. Hitchens, Sr., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:05-cv-379 (SLR) |
| | : | |
| v. | : | |
| | : | |
| Washington Group International, Inc., Plan Administrator, Washington Group International Short Term Disability (STD) Plan, Broadspire National Services, Inc. f/k/a Kemper National Services, Inc., Broadspire Services, Inc. f/k/a Kemper Services, Inc., Broadspire Inc., f/k/a Kemper Services, Inc., Plan Administrators of the STD Plan, | : : : : : : : : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Neal J. Levitsky, hereby certifies that a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served upon Plaintiff's counsel, via first class mail, postage prepaid, on the 22nd day of August, 2005, addressed as follows:

>Richard T. Wilson, Esquire
>Law Offices of Peter G. Angelos
>1300 N. Market Street, Suite 212
>Wilmington, DE 19801

>_____/s/Neal J. Levitsky_____
>Neal J. Levitsky, Esquire

Dated: August 22, 2005