**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Charles C. Hitchens, Sr., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:05-cv-379 (SLR) |
| | : | |
| v. | : | |
| | : | |
| Washington Group International, Inc., Plan | : | |
| Administrator, Washington Group | : | |
| International Short Term Disability (STD) | : | |
| Plan, Broadspire National Services, Inc. f/k/a | : | |
| Kemper National Services, Inc., Broadspire | : | |
| Services, Inc. f/k/a Kemper Services, Inc., | : | |
| Broadspire Inc., f/k/a Kemper Services, Inc., | : | |
| Plan Administrators of the STD Plan, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.    PROCEDURAL HISTORY

Plaintiff Charles Hitchens originally filed a Complaint, subsequently amended, in the

Superior Court of the State of Delaware.  This action was removed to federal court on June 10,

2005.

In Count 1, Plaintiff is asserting claims for disability plan benefits under the Employment

Retirement and Income Security Act (ERISA).  In Count II, Plaintiff asserted a breach of

fiduciary duty claim against the plan administrator.  The Court granted defendants' motion and

dismissed Count II on August 9, 2005.

## II.   FACTS

Charles C. Hitchens, Sr. was employed by Washington Group International, Inc. (WGI). (Pl.'s Compl., ¶ 1; Defs.' Answer, ¶ 1). Plaintiff now is a former employee of WGI and was eligible for participation in a short term disability plan. (Pl.'s Compl., ¶ 9; Defs.' Answer, ¶ 9).

Plaintiff applied for benefits under the short term disability plan on or about March 13, 2003 and, by letter dated March 31, 2003, he was advised that the claim was denied. (Pl.'s Compl., ¶ 13; Defs.' Answer, ¶ 13). Plaintiff, through his counsel, appealed the denial on or about April 4, 2003. (Pl.'s Compl., ¶ 13; Defs.' Answer, ¶ 13).

Plaintiff's claim was again denied by letter dated May 14, 2003 and Plaintiff appealed that denial on May 21, 2003. (Pl.'s Compl., ¶ 14; Defs.' Answer, ¶ 14). The appeal was denied on or about July 10, 2003 thereby exhausting Plaintiff's administrative remedies. (Pl.'s Compl., ¶ 14; Defs.' Answer, ¶ 14).

The record maintained by the plan administrator is submitted to the court in a separate appendix.[1]

The Washington Group International short term disability plan defines a disability as being "unable to perform the material and substantial duties of the employee's own occupation because of a non-occupational illness or injury, the employee is not working in any job for wages or profit and the employer don't have the regular care of physician." (WGI 0046). The determination by the physicians who reviewed the medical information submitted was that there was a lack of medical evidence showing more than mild impairments to substantiate significant impairments in functioning that would have prevented Plaintiff from working in his position as of March 13, 2003. (WGI 0046-0047). In March, 2003, Dr. Peter P. Greaney, based upon an

---

[1]  The file maintained by the Plan Administrator was Bates labeled WGI 0001-0373.

examination of Mr. Hitchens, found that he had no work restrictions, there was no active disease and his chest x-ray revealed no significance abnormalities. (WGI 0309-0312).Plaintiff was advised of these determinations by letter dated March 31, 2003. (WGI 0054-0056).

This determination was reviewed by Dr. Dennis Mazal, a pulmonologist who determined that the medical information failed to support functional impairment that precluded work. (WGI 0079-0080.) Following an appeal, in May, 2003, the same conclusion was reached by Dr. Koltz, a pulmonologist who independently made the same determination. (WGI 0081-0083).

In June, 2003, Plaintiff's claim was evaluated by Dr. Aron Neuhaus, a pulmonologist. (WGI 0039-0042, WGI 0200-201). Dr. Neuhaus also found that the records failed to support a functional impairment that precluded work. Dr. Neuhaus examined the information submitted by Plaintiff from Dr. Zubrow and found that the data showed no significant desaturation or respiratory limitation. Dr. Neuhaus found that the exercise testing showed no evidence of oxygen problems and indeed that there was an improvement in the oxygenation with exercise. Dr. Neuhaus also found that the exercise testing supported the opinion that Plaintiff should be able perform the duties of his occupation. Accordingly, he was not eligible for short term disability benefits.

## III.  **STANDARD OF REVIEW**

A court must apply the arbitrary and capricious standard under which the administrator or fiduciary's determination will be upheld unless it was made without reason, is unsupported by substantial evidence or erroneous as a matter of law. *Skretvedt v. E.I. DuPoint de Nemours & Co.,* 268 F.3d 167, 174 (3d Cir. 2001). A decision is supported by substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision. *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000). The court may not merely substitute its

-3-

judgment for that of the plan administrator and, in exercising its review, the court must consider

the whole record before the administrator at the time of the administrator's decision or review.

*See Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997).

## IV.    ARGUMENT

### A.    Kemper Properly Denied Plaintiff's Claim for Short-Term Disability Benefits

This case is governed by *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123

S.Ct. 1965, 155 L.Ed. 2d 1034 (2003). In *Black & Decker*, the court declined to extend to

ERISA benefit claims the "treating physician rule" applicable in Social Security cases under

which deference is due to the opinion of a claimant's regular treating physician. *Black & Decker*

found that, under ERISA, no special deference was due to treating physicians. As Justice

Ginsburg wrote, "[n]othing in the Act [ERISA] itself, however, suggest that plan administrators

must accord special deference to the opinions of treating physicians. Nor does the Act impose a

heightened burden of explanation on administrators when they reject a treating physician's

opinion." *Black & Decker*, 538 U.S. at 831. The Court held that "courts have no warrant to

require administrators automatically to accord special weight to the opinions of the claimant's

physician; nor may courts impose on plan administrators a discrete burden of explanation when

they credit reliable evidence that conflicts with a treating physician's evaluation." *Black &*

*Decker*, 538 U.S. at 834. This Court has no warrant to disregard this plain guidance from the

United States Supreme Court.

The record for arbitrary and capricious review of ERISA benefits denial is the record

made before the plan administrator which cannot be supplemented during litigation. *Johnson v.*

*UMWA Health and Retirement Funds*, 125, Fed. Appx. 400 (3d Cir. 2005), *citing Mitchell v.*

*Eastman Kodak Co.* 113, F.3d 433, 440 (3d Cir. 1997) (when reviewing an ERISA plan the

-4-

administrator's decision to denied benefits, the reviewing court must look to the evidence that

was before the administrator when he or she made the decision being reviewed); *Kosiba v. Merck*

*& Co., 384 F.3d 58, 67 n. 5 (3d Cir. 2004)*. Citing a decision from the Tenth Circuit, one court

recently stated:

> As the Tenth Circuit aptly explained: If a plan participant fails to bring evidence
> to the attention of the administrator, the participant cannot complain of the
> administrator's failure to consider this evidence. [A plaintiff] is not entitled to a
> second chance to prove his disability. The district court's responsibility lay in
> determining whether the administrator's actions were arbitrary and capricious, not
> in determining whether [the plaintiff] was, in the district court's view, entitled to
> disability benefits. In effect, a curtain falls when the fiduciary completes its
> review, and for purposes of determining if substantial evidence supported the
> decision, the district court must evaluate the record as it was at the time of the
> decision.

*Schlegel,* 269 F.Supp.2d at 618 (*quoting Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377,

381 (10th Cir. 1992)).

In *Schlegel* the court refused to consider a report from a physician and a vocational

assessment that Plaintiff presented to the administrator long after the administrative appeals

process had ended. *Id.* at 619. The court explained that "[b]ecause neither report was before the

administrator at the time that [the administrator] decided to deny [the plaintiff] benefits, nor do

the reports fall within the exception that permits supplementation of the administrative record to

interpret the plan or explain medical terms or procedures, the teachings of *Mitchell* bar the court

from considering them at this late date." *Id.*

Likewise, in *Cini v. Paul Revere Life Ins. Co.*, 50 F. Supp.2d 419 (E.D. Pa. 1999), the

court refused to consider an affidavit from the Plaintiff because it contained information not

submitted or reviewed by the plan administrator as part of the administrative record. *Cini*, 50

F.Supp.2d at 425. Clearly, an administrator's decision cannot be considered arbitrary or

-5-

capricious for failing to consider evidence or arguments not before it at the time of its

determination. *Sandoval*, 967 F.2d at 381. This is because:

> [a] primary goal of ERISA was to provide a method for workers
> and beneficiaries to resolve disputes over benefits inexpensively
> and expeditiously. ***Permitting or requiring district courts [or
> arbitrators] to consider evidence from both parties that was not
> presented to the plan administrator would seriously impair the
> achievement of that goal. If district courts heard evidence not
> presented to plan administrators, employees and their
> beneficiaries would receive less protection than Congress
> intended.***

*Perry v. Simplicity Engineering,* 900 F.2d 963, 967 (6th Cir. 1990) (emphasis added).

Plaintiff has not adduced any evidence that demonstrates potential bias or conflict of

interest.

Based upon the medical evidence of record, there is nothing to show that the Plan has

acted arbitrarily and capriciously in denying Plaintiff's claim for short term disability benefits.

Further, Plaintiff has not adduced any evidence that demonstrates potential bias or conflict of

interest. Accordingly, summary judgment is warranted.

Under ERISA, a plan should determine benefits eligibility by providing a "full and fair

review" of all evidence relating to the alleged disability. *Firestone Tire & Rubber Co. v. Brunch,*

489 U.S. 101, 102 (1989). Where an ERISA plan administrator or fiduciary has been given

discretion to determine eligibility for benefits or to construe the terms of the plan, it decisions are

reviewed under an "arbitrary and capricious" standard. *Firestone Tire & Rubber Co.*, 49 U.S. at

115. The scope of such review is "narrow," and a court may not "substitutes its own judgment

for that of the [administrator] in determining eligibility for plan benefits." *Mitchell v. Eastman

Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997).

This Court should affirm the Plan's determination as long as it is supported by substantial evidence in the record, even if the record also contains substantial evidence that would support a different result. *Moates v. United Mine Workers of America Health and Retirement Funds*, 981 F.2d 685, 689 (3d Cir. 1992); *Orvosh v. Program of Group Ins. For Salaried Employees of Volkswagen of Am., Inc.*, 222 F.3d 123, 129 (3d Cir. 2000) ("a plan administrator's decision will be overturned only if it is clearly not supported by the evidence on the record or the administrator has filed to comply with the procedures required by the plan.") (internal citation omitted). There is ample evidence in the record that Plaintiff was not disabled and therefore not entitled to short term disability benefits.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff.

Respectfully submitted,

FOX ROTHSCHILD LLP


By:    /s/Neal J. Levitsky
Neal J. Levitsky, Esquire
Delaware Bar No. 2092
919 N. Market Street, Suite 1400
Wilmington, DE 19801-3046
302/655-7460; 302/655-7004 (fax)
Attorney for Defendants

Dated:  May 3, 2006

PH1 841054v1 05/02/06