IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Charles C. Hitchens, Sr., : | |
|     Plaintiff, : | |
| : | Civil Action No.: 1:05-cv-379 (SLR) |
| v. : | |
| : | |
| Washington Group International, Inc., : | |
| Administrator, Washington Group : | |
| International Short Term Disability (STD) : | |
| Plan, Broadspire National Services, Inc. : | |
| f/k/a Kemper National Services, Inc., : | |
| Broadspire Services, Inc. f/k/a Kemper : | |
| Services, Inc., Broadspire Inc., f/k/a Kemper : | |
| Services, Inc., Plan Administrators of the : | |
| STD Plan, : | |
|     Defendant. : | |

**PLAINTIFF'S MEMORANDUM OF THE LAW
IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGEMENT**

**I. PROCEDURAL HISTORY**

Plaintiff, Charles Hitchens, filed a Complaint, subsequently amended, in the Superior Court of the State of Delaware. This action was removed to federal court on June 10, 2005.

Plaintiff asserts claims for disability claim benefits under the Employment Retirement and Income Security Act (ERISA). In Count II Plaintiff asserted a breach of judiciary claim against plan administrator. Count II was dismissed by this Court on August 9, 2005.

On or about May 3, 2006, Defendants filed a motion for Summary Judgement with an accompanying Memorandum of Law. This is Plaintiff's opposition thereto.

**II. FACTS**

Charles C. Hitchens, Sr. was employed by Washington Group International, Inc. (WGI). (Pl.'s Compl., ¶ 1). Mr. Hitchens is now a former employee at WGI and was eligible in participation in WGI 's short-term disability plan (STD). (Pl.'s Compl., ¶ 9). Mr. Hitchens applied for benefits under the STD plan on or about March 13, 2003, and by letter dated March 31, 2003, Mr. Hitchens was advised that his claim was denied. (Pl.'s Compl., ¶ 13). Subsequently, Mr. Hitchens, through his counsel, proceeded through the appeals process with the final appeal being denied on or about July 10, 2003 thereby exhausting plaintiff's administrative remedies. (Pl.'s Compl., ¶ 14).

The record maintained by the plan administrator was submitted via The Appendix to the Defendant's Memorandum of Law is referenced throughout this Memorandum to avoid the filing of excessive documents with this Court. In addition, the plaintiff is filing as an appendix, a copy of the Online Handbook for Salaried Employees, which has been supplied by WGI in this case. The Handbook has been Bates labeled WGI 0374-0547.

As part of his employment, plaintiff was tested annually for the ability to use a respirator. (Pl.'s Compl., ¶ 10). On January 28, 2003 the plaintiff was informed that because of the results of the dyspnea (shortness of breath) and elevated blood pressure, he was not qualified for respirator use, however at the plaintiff's request, he was granted temporary clearance to allow him to continue to work until there was a follow-up examination by a doctor of WGI's choosing. (Pl.'s Compl., ¶ 10; WGI 0165-0167, 0279-0280).

The examination took place on March 12, 2003 and by Dr. Kambhamettu of Christiana Occupational Health Services. Based on her examination, Dr. Kambhamettu found that Mr. Hitchens was not qualified medically to wear a respirator at any time and added additional

2

restrictions of no exposure to dust, fumes, vapors or irritant gases as well as stating "no use of respirators or jobs requiring it. No climbing heights or strenuous activity" (WGI 0281; WGI 0007). A review of the job description for Mr. Hitchens (WGI 0159) indicates that with the restrictions in place, Mr. Hitchen's could not perform his duties at WGI.

Per the orders of his private pulmonologist, Marc Zubrow, M.D., Mr. Hitchen's underwent full pulmonary function testing on March 1, 2003 and it was found that the plaintiff had a significant reduction in exercise capacity, small airways disease/mild obstructive airways disease. Further, Dr. Zubrow concluded that Mr. Hitchens should not return to his job with WGI and that Mr. Hitchens should apply for disability. (WGI 0280-0283; WGI 0290-0292, WGI 0294-0297).

Contrary to Defendant's assertion, Dr. Peter P Greaney never examined Mr. Hitchens. Dr. Greaney's office is in California and a careful review of the appropriate records (WGI 0309-0312, WGI 0054-0056), shows that Dr. Greaney did nothing more than review the records of Mr. Hitchens. Likewise, the Broadspire doctors, Dr. Mazal, Dr. Koltz and Dr. Neuhaus, never did anything more than a record review.

Thus, in Mr. Hitchens' case, the only medical personnel who actually examined Mr. Hitchens all concluded that he was disabled from work. Only the doctors who never examined Mr. Hitchens have taken the position that Mr. Hitchens was not disabled from work. Mr. Hitchens has met all of the eligibility requirements to receive short-term disability benefits.

## III. STANDARD OF REVIEW

In <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 109 S.Ct. 948, 103 L. ED. 2d

80 (1989), the Supreme Court instructed District Courts to review the determinations of a plan administrator *de novo* unless the benefit plan accords the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Smathers v. Multi-Tool, Inc./ Multi-Plastics Inc.'s Employee Health and Welfare Plan, 298 F.3d 191, 194 (2002). If, and only if, the benefit plan provides the administrator of fiduciary the aforesaid discretionary authority, then an arbitrary and capricious standard of review is to be applied. Id.

## IV.  ARGUMENT

### A.  Kemper improperly denied plaintiff's Claim for Short-Term Disability.

There are in fact two issues before this Court, neither one is directly answered by the Supreme Court's holding in Black and Decker Disability Plan v. Nord, 538 U.S. 822, 123 S.Ct. 1965, 155 L. Ed. 2d. 1034 (2003). The first issue for this Court to decide is whether or not the STD plan actually confers upon the administrator or fiduciary the level of discretion required for the arbitrary and capricious standard to apply pursuant to Firestone Tire and Rubber Co. v. Bruch. It is plaintiff's position that the plan documents do not confer such discretion and as such plaintiff is entitled to *de novo* review of the plan administrator's decision. Second, even if the arbitrary and capricious standard would apply, the decision was arbitrary and capricious and further the plaintiff is not relying simply on the so called "treating physician" for the basis of this assertion.

### 1.  The Plan Does Not Confer a Level of Discretion for this Court to Apply the Arbitrary and Capricious Standard of Review.

Information concerning STD benefits are contained in the Online Handbook for Salaried Employees.(WGI 0374-0547). There are only two pages dedicated to the

discussion of STD benefits. (WGI 0472-0473). The Handbook indicates that to receive short-term benefits a claimant "may be required to prove your disability and undergo medical examinations." (WGI 0472). It goes on to define total disability as a person who is unable to perform the material and substantial duties of your own occupation, you are not working at any job for wages or profit and you are under the regular care of a physician."As to any discussion concerning the level of discretion the plan may reserve, the Handbook states: "A11 benefits payable under the short-term benefits plan will be paid to you, provided you furnish acceptable proof of disability to Prudential. (WGI 0473). That type of language has been soundly rejected as support for the use of the arbitrary and capricious standard. Herzberger Standard Insurance Co., 205 F. 3d 327, 332-333 ( 7th Cir. 2000), Diaz v. Prudential Ins. Co., 424 F. 3d 635,636-637 (7th 2005), Neuman v. Prudential Ins. Co., 367 F. Supp. 2d 969, 976-977 ( E.D.Va. 2005).

       Judge Posner, writing for a unanimous court in Herzberger, reasoned that simply stating that an administrator must make certain determinations before granting benefits as a mere truism; it implies nothing one way or the other about the scope of judicial review of that determination any more than an appellate court statement that a district court "determines" some conclusion indicates the scope of review of that decision on appeal. Neuman, 367 F. 2d 977 *citing* Herzberger 205 F. 3d at 332. "Other courts thoughtfully considering this issue have reached the same results for similar reasons. Id. "If a plan "is going to reserve a broad, unchanneled discretion to deny claims, employees should be told about this, and told clearly.' Herzberger, 205 F. 3d at 333.

Further it should be noted the Handbook indicates proof of disability may be required by Prudential. The administrator who processed the claim in this case is Broadspire thus, if nothing else, this reference to Prudential could lead to confusion on the part of a plan participant. Per the Handbook, Broadspire was never granted broad discretionary powers in determining eligibility for benefits needed for the arbitrary and capricious standard of review to apply.

WGI claims that it is the plan administrator for all plans.( WGI 0528). The Handbook indicates that:

> Other than for claims administration (see medical and dental plan fiduciary below), the plan administrator has the following power and discretionary authority, in addition to all powers provided by the individual plans:
>
> [a]. To make and enforce such rules and regulations as it deems necessary or proper for the efficient administration of plans, including the establishment of any claims procedures that may be required by any applicable provisions of law;
> [b]. To interpret the plans, it's interpretations thereof in good faith to be finally conclusive on all persons claiming benefits under the plans, and to decide all matters arising thereunder including the right to make a determination of facts, construe and interpret possible ambiguities, inconsistencies or admissions in the plan;
> [c]. To decide all questions concerning the plans and the eligibility of any person to participate in the plan.

This language standing in and of itself would appear to confer the type of discretion that would allow the use of the arbitrary and capricious standard of review. However, the problem is, WGI has absolutely no input, other than supplying factual information, as to the benefit decision. All decisions were made by Broadspire. As noted above, the plan does not confer the level of discretion which would enable Broadspire's decision to be reviewed under the arbitrary and capricious standard.

At very least, the Handbook is internally inconsistent leaving confusion and ambiguities on the part of the claimant and it is simply not clear the level of discretion conferred and, whatever the discretion was, who it was conferred upon. Thus, Broadspire does not have the discretionary power and WGI did not utilize it in this case and as such, the decision to deny benefits is subject to *de novo* review. Oliver v. Coca-Cola ad Broadspire Services Inc., 397 F. Supp. 2d 1317 (N.D. Ala. 2005)

2. **Even if it is Determined that the Employee's Handbook thus the Plan Made it Clear that the Plan had Full Discretion As Would an Arbitrary and Capricious Standard, that would Still Require this Court to Deny the Motion for Summary Judgement.**

As noted above, this case is not one where there Plaintiff is simply asking this Court, to apply "the treating physician rule". Plaintiff acknowledges while the Supreme Court, in Black and Decker did indicate that Courts had no warrant to require administrators to automatically accord a special deference to a treating physician, administrators may not arbitrarily refuse to credit reliable evidence including the opinion of a treating physician. 538 U.S. at 834. As stated in Neuman v. Prudential Insurance Co., "it is important to note, that the Supreme Court found that a plan administrator need not specially credit a claimant's treating physician, but said nothing about the relative credibility of an examining physician who has had the opportunity to examine and interview the plaintiff directly". 367 F. Supp. 2d at 990. The Court went on to state that the "opinions of ... are more persuasive not because they are treating physicians–indeed not all are–

but because each physically examined and interviewed the plaintiff" Id. "Put Simply, a plan administrator still must credit the opinion of the treating physician if that treating physician does a better job." Id.

As noted above, three health care providers actually examined Mr. Hitchens in connection with what forms the basis for his short-term disability claim. Originally it was WGI's nurse who found Mr. Hitchens not fit for duty. Mr. Hitchens himself asked that the no work order be withheld until his examination by a medical doctor. WGI's chose Dr. Kambhamettu to examine Mr. Hitchens and she indicated Mr. Hitchens was unfit for work. Likewise, Mr. Hitchens' own physician, Dr. Zubrow, who had been treating Mr. Hitchens for a number of years, also indicated that Mr. Hitchens was unable to return to work. Only the physicians who never physically examined Mr. Hitchens found him able to return to work with no restrictions.

Based on the fact that it was WGI's own standards that took Mr. Hitchens out of work in the first instance, and none of the objective test results have improved over the life of this claim, the decision can only be considered arbitrary and capricious as it is fundamentally unfair to put a person out of work and once the person makes a claim for STD to essentially say that he should have never been put out of work in the first place.

Given the above, the Summary Judgement Motion should be denied, even if this Court finds that the arbitrary and capricious standard applies.

        Respectfully submitted,

        /s/ Richard T. Wilson
        RICHARD T. WILSON, ESQUIRE
        Delaware Bar No.: 2794
        Law Offices of Peter G. Angelos, PC
        1300 N. Market Street, Suite 212
        Wilmington, DE 19801
        (302) 658-3301; (302) 658-3319/fax
        Attorney for Plaintiff

Dated: May 10, 2006